IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD WAGNER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-cv-01121-K |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT CITIMORTGAGE, INC.'S ORIGINAL ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant CitiMortgage, Inc. ("Citi" or "Defendant") files this Original Answer to the Plaintiff's Original Petition filed by Harold Wagner ("Wagner" or "Plaintiff") and shows as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff, Harold Wagner, is the citizen of Dallas County, Texas.

**Response:**  Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

2.   Defendant CITIMORTGAGE, INC ("Citi") is a corporation that may be served by serving its registered agent CT Corporation Systems 350 N. St. Paul, Suite 2900, Dallas, TX 75201.

**Response:**  Admit.

3.   This Court has jurisdiction over Defendant because it conduct business in this State. The Court has jurisdiction over Plaintiff because Plaintiff is a resident of this State. Venue is proper in Dallas County, Texas because the property made the subject of this litigation is located in Dallas County.

**Response:**  Defendant admits this paragraph, but states that venue is proper in the Northern District of Texas, Dallas Division, rather than in the Texas State Courts of Dallas County, as this case has been properly removed.

## II.   BACKGROUND FACTS

4.   Plaintiff, Harold Wagner is the owner of the property located at 1228 Regents Park Court, Desoto, Texas, 75115, in Dallas County ("the subject property" or "property in question"), under a deed thereto recorded in the office of the Dallas County Clerk.  Despite Plaintiff's deed to the property, Defendant is claiming a right (security interest) in his property, which constitutes a cloud on his title. Additionally, Defendant filed a Notice of Trustee's Sale with the Dallas County Clerk. It is attempting to invoke the power of sale and foreclose on Plaintiff's property. For the reasons set forth herein, Plaintiff maintains that he, and not Defendant, has an interest in the property in question; his title is superior to Defendant.

**Response:**  Defendant expressly denies that Plaintiff's interest in the subject Property is superior to Defendant's.  Defendant is otherwise without sufficient information at this time to admit or deny the remaining allegations in this paragraph, and therefore denies same.

5.   On or about May 15, 1997, Plaintiff executed a Promissory Note (hereinafter the "Note") in favor of M. S. T. Mortgage Group Inc. ("MST").  Plaintiff contemporaneously made and delivered the Deed of Trust, conveying the subject property in trust for the purposes recited therein. Section 21 of the Deed of Trust contained a provision whereby "Lender" could invoke the power of sale of the property if certain prerequisites were met.  For purposes of that section and invoking the power of sale, "Lender" was defined as any holder of the Note who is entitled to receive payments under the Note. Section 21 of the Deed of Trust also contained a provision that gave Plaintiff "the right to bring a court action to asset the non-existence of a default or <u>any other defense</u> of Borrower [Plaintiff] to acceleration and sale" (emphasis added).

> **Response:**   Defendant admits that Plaintiff executed a Promissory Note and Deed of Trust.  Defendant denies the remaining allegations of this paragraph to the extent such allegations are inconsistent with the recitations contained in the Note and Deed of Trust.

6. An "Appointment of Substitute Trustee" ("Appointment 1") was filed with the Dallas County Clerk on January 13, 2006. The Appointment 1 was purported made by GMAC Mortgage Corporation ("GMAC") but interestingly there is no assignment recorded with Dallas County Clerk on or before January 13, 2006, where MST is assigning the mortgage to GMAC.

> **Response:**   Defendant admits only that various Notices and Assignments relating to the Deed of Trust have been duly recorded with the Dallas County Clerk.  Defendant denies the remaining allegations of this paragraph to the extent such allegations are inconsistent with the recitations contained in said records.

7. A "Corporate Assignment of Deed of Trust" ("Assignment 1") was filed with the Dallas County Clerk on February 28, 2006. The Assignment purportedly assigned the all the beneficial interests under the Deed of Trust from "Bank One National Association as Trustee fka The First National Bank of Chicago as Trustee, Residential Funding Corporation, Attorney-in-fact" ("Bank One") to "JP Morgan Chase Bank as Trustee" ("Chase").  This is a one page document. It is notarized by Elizabeth Porter.  There is no assignment recorded with the Dallas County Clerk, witnessing the assignment from MST to Bank One. Assuming that MST did assign the mortgage to GMAC who made the Appointment 1 (a notion Plaintiff does not admit), again there is no assignment of mortgage from GMAC to Bank One.

> **Response:**   Defendant admits only that various Notices and Assignments relating to the Deed of Trust have been duly recorded with the Dallas County Clerk.  Defendant denies the remaining allegations of this paragraph to the extent such allegations are inconsistent with the recitations contained in said records.

8. Another appointment of substitute trustee ("Appointment 2") was filed with the Dallas County Clerk on October 6, 2006.  The Appointment 2 was purported made by ABN Amro Mortgage Group, Inc ("ABN").  Assuming that Appointment 1 was a valid or the

Assignment 1 was a valid assignment appointment (a notion Plaintiff does not admit) but interestingly there is no assignment recorded with Dallas County Clerk from GMAC to ABN or Chase to ABN or MST to ABN. An "Assignment of Note and Deed of Trust" ("Assignment 2) was filed with the Dallas County Clerk on October 25, 2011. Assignment 2 was made by Chase to CitiMortgage, Inc. ("Citi"). Now assuming that this Assignment 2 was valid then under what authority ABN appointed the substitute trustee via Appointment 2. Defendant Citi has also acted as servicer of the Note and as such, has represented and taken actions as servicer.

> **Response:** Defendant admits only that various Notices and Assignments relating to the Deed of Trust have been duly recorded with the Dallas County Clerk. Defendant denies the remaining allegations of this paragraph to the extent such allegations are inconsistent with the recitations contained in said records.

9. The Assignment 2 of Note and Deed of Trust was a two-page document, supposedly notarized by Norma Woodall. The Assignment of Note and Deed of Trust did not include any type of negotiation of Plaintiffs Note as set out in Chapter 3 of the Texas Business and Commerce Code ("Negotiable Instruments").

> **Response:** Defendant admits only that various Notices and Assignments relating to the Deed of Trust have been duly recorded with the Dallas County Clerk. Defendant denies the remaining allegations of this paragraph to the extent such allegations are inconsistent with the recitations contained in said records.

10. Defendant attempted to invoke the power of sale in the Deed of Trust. They noticed a foreclosure sale for March 5, 2013. In doing so, Defendant attempted to act as the "Lender" in the Deed of Trust.

> **Response:** Defendant admits only that the power of sale has been invoked on Plaintiff's Property pursuant to the Deed of Trust and in compliance with the Texas Property Code. To the extent the allegations of this paragraph may be read as being inconsistent with this admission, said allegations are denied.

11.     The purported true party in interest in Plaintiff's Note and the Deed of Trust is the RAMP 2003-RS8 (the "Trust").  The Trust is a New York common law trust created and governed by an agreement known as the "Trust Agreement" or "TA."  Allegedly, Plaintiffs loan, along with other loans, were pooled into this trust and converted into mortgage-backed securities that could be bought and sold by investors—a process known as securitization.  The Trust allegedly holding Plaintiff's Note was created in 2003 and is identified as "RAMP 2003-RS8."  The Trust, by its terms, set a "closing date" of September 29, 2003.  The terms of the Trust are contained in the TA, which is a lengthy document that created the Trust and defines the rights, duties, and obligations of the parties to the Trust Agreement.  The TA was filed with the U.S. Securities and Exchange Commission.

> **Response**:  The allegations in this paragraph are legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

12.     The Trust that purportedly foreclosed on the property in question included in the terms of its PSA a specific time, method and manner of funding the Trust with its assets.  The most critical time was the Trust's closing date – September 29, 2003.  According to the terms of the PSA, all of the assets of the Trust were to be transferred to the Trust on or before the closing date.  Thus, for an asset to become an asset of the Trust, it must have been transferred to the Trust within the time set forth in the Trust Agreement.

> **Response**:  The allegations in this paragraph are legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

13.     Generally, a trust's ability to transact is restricted to the actions authorized by its trust documents.  In this case, the Trust documents (i.e. TA) permitted only one specific method

of transfer to the Trust. The depositor was to acquire loans from the Seller and assign them to the trustee for the benefit of the certificate holders of the Trust.

> **Response:** The allegations in this paragraph are legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

14. These assets were to be acquired within the limitations set out in the Trust Agreement. In fact, the Trustee could only take delivery of assets within strict compliance with the terms of the Trust Agreement. Plaintiffs Note was not acquired in this manner. At a minimum, it appears the Trust did not timely acquire Plaintiffs Note. The Assignment 1 dated February 28, 2006 from Bank One to Chase clearly indicates that either Bank One or MST were the owners of mortgage. There is no assignment filed with Dallas County Clerk indicating assignment of mortgage from MST to the Trust (or the Trustee on behalf of the Trust, on or before the closing date by which the Trust was to have received delivery of the Note.

> **Response:** The allegations in this paragraph are legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

15. In addition to the untimeliness of this purported transfer to the Trust, the Note was not properly transferred to the Trust in compliance with the remaining provisions of the Trust Agreement and applicable New York trust law – which is the law to be applied to the Trust by the terms of its own Trust Agreement. The TA and other trust documents filed with the SEC show that the Trust was to acquire its assets, which allegedly included Plaintiffs Note, from Seller, which in turn was to have acquired them from depositor.

> **Response:** The allegations in this paragraph are legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant is without

sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

16.     Under New York law (which is the law that governs the Trust), there is no trust over property that has not been properly transferred to a trust.  New York's Estates, Powers, and Trust Law Section 7-2.4 clearly sets out the standard:

> *If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by other provision of law, is void.*

**Response:**  Paragraph 16 is a recitation of law, and therefore no response is required.  To the extent that a response is required, Defendant states that it is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

17.     The Trust never properly acquired the Note.  The Assignments did not comply with the PSA; therefore, those purported conveyances, made in contravention of the trust, were void.  As a result, neither the Trust nor Defendant could declare a default, accelerate the debt, appoint a substitute trustee, conduct a substitute trustee's sale.  Defendant Citi, as an agent of and purported servicer, likewise had no right to foreclose on the property in question.

**Response:**  The allegations in this paragraph are legal conclusion to which no response is required.  To the extent a response is deemed to be required, Denied.

18.     Notwithstanding the above, Plaintiff's Note has never been negotiated to Defendant Citi.  Defendant was not the holder of Plaintiff's Note, nor was it the "Lender" under the definitions of the Deed of Trust.

**Response:**  The allegations in this paragraph are legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant is without sufficient information at this time to admit or deny this paragraph, and therefore denies the allegations therein.

### III. CAUSE OF ACTION: DECLARATORY JUDGMENT

19. Plaintiff incorporates by reference paragraphs 1-18.

**Response:** This paragraph merely incorporates the preceding paragraphs and therefore no response is required. To the extent that a response is deemed to be required, Defendant incorporates the denials, admissions, and other responses in Paragraphs above by reference for all purposes herein.

20. Because the Defendant never acquired the Note or Trust Deed, Defendant could not declare a default, accelerate the debt, appoint a substitute trustee, conduct a substitute trustee's sale.

**Response:** Denied.

21. Concurrently or in the alternative, Defendant could not declare a default, accelerate the debt, and/or invoke the power of sale under the Deed of Trust because Defendant was not parties to the Deed of Trust. It was not the holder of Plaintiff's Note because it had never been negotiated to them. Alternatively, the Assignment 2 was not a proper negotiation of a negotiable instrument to Defendant under Section 3.201 et seq. of the Texas Business and Commerce Code.

**Response:** Denied.

22. As a result of improper negotiation of the Note (i.e. the Assignment) under the terms of Section 3.201 *et seq.* of the Texas Business and Commerce Code, Defendant was not a "holder of the Note who is entitled to receive payments under the Note" (i.e. "Lender"). Accordingly, it had no right to invoke the power of sale, as that right is exclusively reserved for Lender.

**Response:** Denied.

23. The Court should enter an Order declaring that Defendant lacked any interest in the Note and/or Trust Deed, that they lacked the right to invoke the power of sale contained in the Deed of Trust, and that the foreclosure by Defendant did not comply with the requirements set out in the Deed of Trust.

**Response**:  Denied.

24. Similarly, Plaintiff seeks a declaration that Defendant is not parties to or a beneficiary of the Deed of Trust—a contract to which Plaintiff is a party.

**Response**:  Denied.

### IV.   CAUSE OF ACTION:  DECLARATORY JUDGMENT

25. Plaintiff incorporates by reference paragraphs 1-24.

**Response**:  This paragraph merely incorporates the preceding paragraphs and therefore no response is required.  To the extent that a response is deemed to be required, Defendant incorporates the denials, admissions, and other responses in Paragraphs above by reference for all purposes herein.

26. Plaintiff seeks a declaration that the Defendant is not, and never have been, the owner/holder of the Note and that Defendant:

   a) did not know whether a default had occurred, or had been declared by the actual owners of the debt evidenced by the Note;

   b) lacked authority to declare a default or otherwise pursue collection of the debt evidenced by the Note;

   c) lacked authority to sell the subject property or to distribute any proceeds thereof;

   d) were not entitled to any of such proceeds on their own account;

**Response**:  Denied.

27. An actual controversy exists between Plaintiff and Defendant regarding the amenability of the subject property to sale by Defendant, which may be resolved by the Court.

Plaintiff seeks declaration that Defendant has/had no interest in the subject property and therefore, no right to conduct a sale thereof.

**Response**:  Denied.

### V.  CAUSE OF ACTION:  QUIET TITLE & TRESPASS TO TRY TITLE

28. Plaintiff incorporates by reference paragraphs 1-27.

**Response**:  This paragraph merely incorporates the preceding paragraphs and therefore no response is required.  To the extent that a response is deemed to be required, Defendant incorporates the denials, admissions, and other responses in Paragraphs above by reference for all purposes herein.

29. Plaintiff is the rightful owner and has superior title to the property in question. The title to the property is currently affected by a claim by Defendant, who foreclosed on the property in question and filed a substitute trustee's deed.  For the reasons set forth above, Defendant's claims to title or a lien on the property are invalid.

**Response**:  Denied.

30. Plaintiff is and remain the legal and equitable owner of the property in question. Their title to the property is superior to Defendant's.  Plaintiff seeks to have the cloud on his title removed, have title fully vested in him, and that he has and maintains possession of the property in question.

**Response**:  Denied.

### VI.  CAUSE OF ACTION:  VIOLATION OF CPRC CHAPTER 12

31. Plaintiff incorporates by reference paragraphs 1-31.

**Response**:  This paragraph merely incorporates the preceding paragraphs and therefore no response is required.  To the extent that a response is deemed to be required, Defendant incorporates the denials, admissions, and other responses in Paragraphs above by reference for all purposes herein.

32. Concurrently or in the alternative, Defendant made, presented, and used documents with knowledge that they were fraudulent court records, a fraudulent lien, and/or a fraudulent claim or interest in real property. To wit, the Assignment, appointment of substitute trustee, notice of default, notice of substitute trustee sale (to the extent one was filed), most of which were filed of record with the Dallas County Clerk, were fraudulent, false, and/or inaccurate because when filed or created, Defendant has no interest in the property in question. They therefore could not declare default, accelerate the debt, appoint a substitute trustee, conduct a substitute trustee sale, and/or convey the property in question.

**Response:** Denied.

33. Defendant intended that these documents be given the same legal effect as genuine documents that legitimately would evidence the claims of parties (if any) who had claims in the property in question. Defendant, through the fraud described herein, intended to cause Plaintiff financial injury in the form of a foreclosure and attempted eviction. Alternatively, the financial injury intended was that Plaintiff would make monthly mortgage payments to a party who had no right to receive them.

**Response:** Denied.

34. The foreclosure of Plaintiff's property and attempted eviction has caused him financial harm because he has had to make expenditures in defending against the foreclosure, including but not limited to the retention of counsel. Concurrently or in the alternative, Plaintiff made many payments on the Note to parties who had no right to receive such payments. Accordingly, Defendant committed the wrongful acts prohibited by Chapter 12 of the Texas Civil Practice & Remedies Code.

**Response:** Denied.

35. Pursuant to the Chapter 12 of the Texas Civil Practice & Remedies Code, Plaintiff seeks recovery of exemplary damages to the maximum extent allowed by law and his attorney's fees.

**Response:** Denied.

## VII.   DAMAGES

36. Plaintiff incorporates by reference paragraphs 1-35.

**Response:** This paragraph merely incorporates the preceding paragraphs and therefore no response is required. To the extent that a response is deemed to be required, Defendant incorporates the denials, admissions, and other responses in Paragraphs above by reference for all purposes herein.

37. The Note and Trust Deed has been unenforceable by Defendant. Plaintiff seeks recovery of the fees, costs, and all payments wrongfully collected by Defendant.

**Response:** Denied.

38. For Defendant's violations of Chapter 12 of the Texas Civil Practice & Remedies Code, Plaintiff seeks the greater of (a) his actual damages or (b) $10,000; exemplary damages; and attorney's fees.

**Response:** Denied.

## VIII.   JURY DEMAND

39. Plaintiff hereby requests trial by jury.

**Response:** This paragraph is merely a jury demand, and therefore no response is required.

## IX.   PRAYER

40. WHEREFORE, Defendant prays that Plaintiff's claims be dismissed with prejudice, any and all relief requested by Plaintiff be denied, and that judgment be entered against Plaintiff with prejudice.

Respectfully submitted,

By: /s/ Chais L. Sweat
    Thomas M. Hanson
    State Bar No. 24068703
    Chais L. Sweat
    State Bar No. 24062355
    **DYKEMA GOSSETT PLLC**
    Comerica Bank Tower
    1717 Main Street, Suite 4000
    Dallas, Texas 75201
    (214) 462-6400 – Telephone
    (214) 462-6401 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule LR 5.1(d) on April 22, 2013.

/s/ Chais L. Sweat