IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD WAGNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1121-K |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Judgment on the Pleadings, filed September 24, 2013. The court has reviewed and considered the motion, response, reply, the pleadings on file, the record in this case, and the applicable law, For the reasons that follow, the court has converted the motion to a motion for summary judgment, and has determined that the motion should be **granted.**

**I.      Factual and Procedural Background**

Plaintiff Harold Wagner ("Wagner") is the owner of the real property located at 1228 Regents Park Court, Desoto, Texas ("Property").  On or about May 15, 1997, Wagner executed a Promissory Note ("Note") in favor of M.S.T. Mortgage Group Inc. ("MST").  The Note was secured by a Deed of Trust ("Deed") on the Property, which identifies MST as the beneficiary and provides MST with the power to sell the property in the event of a default by Wagner, the borrower.  The Deed also allowed MST to appoint a substitute or successor trustee in the future.

1

After the closing of Wagner's loan, MST assigned its beneficial interest in the Deed to LaSalle Bank, FSB ("LaSalle") on May 23, 1997, and recorded the assignment on that same day. A short time later, on June 10, 1997, LaSalle assigned the Deed to First National Bank of Chicago ("FNBC"), as Trustee.  Next, FNBC's successor in interest Bank One National Association assigned the Note and Deed to JP MorganChase on February 28, 2006.  Finally, JP Morgan Chase assigned the Deed to Defendant CitiMortgage, Inc. ("Citi") on October 25, 2011.  This assignment states that the original and any successor trustees were removed and in their place several individuals were named as Substitute Trustees and Substitute Successor Trustees to succeed to all title, powers and duties of the original Trustee.

Sometime in 2003, Wagner's Note was pooled with other home loans into a trust that was converted into mortgage-backed securities, a process known as "securitization." The Pooling and Servicing Agreement ("PSA") associated with the trust states that all assets of the trust were to be transferred to the trust on or before September 29, 2003. The February 28, 2006 transfer of the Deed from Bank One to JPMorgan Chase indicates that the Note was also transferred at that time, implying that the Note was never transferred to the trust as provided for in the PSA.  Thus, Wagner alleges that the Note was never properly securitized and the PSA was violated.

On March 5, 2013 Lisle Patton ("Patton"), one of the substitute trustees named, sent Wagner a notice advising him that the Property was being sold pursuant to the power of sale in the Deed.  Wagner then filed the instant action in state court in an

2

attempt to prevent the sale of his home, and Citi subsequently removed the case to this court. Wagner alleges that the Deed was not properly assigned to Citi, and that Citi is not the holder of the Note, and therefore has no authority to invoke the power of sale. He also brings claims to quiet title and for alleged violations of Tex. Civ. Prac. & Rem. Code Ch. 12, claiming that certain of the assignments of the Deed were fraudulent. Citi now moves for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c), contending that all of Wagner's claims should be dismissed with prejudice.

## II. Standards of Review

Rule 12(c) provides: "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *accord Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir.2001); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir.1990); *see Great Plains Trust Co.,* 313 F.3d at 312; *United States v. Renda Marine, Inc.,* 750 F.Supp.2d 755, 763 (E.D.Tex.2010), *aff'd,* 667 F.3d 651 (5th Cir.2012), *cert. denied,* 133 S.Ct. 1800 (2013).

Such motions are treated as a motion for judgment on the pleadings due to a failure to state a claim upon which relief can be granted. *See Truong v. Bank of Am., N.A.,*

3

717 F.3d 377, 381 (5th Cir.2013); *Gentilello v. Rage,* 627 F.3d 540, 543–44 (5th Cir.2010) ("We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim."). The primary focus is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *See United States v. 0.073 Acres of Land,* 705 F.3d 540, 543 (5th Cir.2013); *Great Plains Trust Co.,* 313 F.3d at 312; *Hughes,* 278 F.3d at 420.

Citi has attached to its motion various records pertaining to the assignments of the Deed, and thus has placed before the court matters that are outside of the pleadings. If the parties have placed matters outside of the pleadings before the court, and the court has not excluded such evidence, the parties have received adequate notice that the motion to dismiss may be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *see also Rainwater v. 21st Mortgage Corp.,* 2010 WL 1330624, *7 n.11 (E.D. Tex. 2010), *citing Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990). Rule 12(d) applies to both Rule 12(b)(6) and 12(c) motions. *Fralick v. Plumbers and Pipefitters Natl. Pension Fund,* 2010 WL 2563429 (N.D. Tex. 2010), *aff'd,* 420 Fed. Appx. 364 (5th Cir. 2011). Because the parties have received the appropriate notice, the court will treat the motion as one for summary judgment.

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

### III.     Analysis

Citi makes several different arguments in its motion: 1) that Wagner's claims fail (and thus it has authority to sell the Property) because public records show an unbroken chain of assignments; 2) that Wagner does not have standing to raise a claim based upon alleged defects in the assignments or lack of negotiation of the Note; 3) that he lacks standing to assert claims related to purported defects in the securitization of the Note; 4) that Wagner has failed to state a claim for violation of Tex. Civ. Prac. & Rem. Code Ch. 12; 5) that his claim to quiet title fails as a matter of law; and 6) that Wagner is not entitled to declaratory relief. The court will address each of these arguments in turn.

A. **Chain of Assignments, Negotiation, Securitization and Standing to Challenge Defects Therein**

Wagner does not dispute Citi's assertion that the public records before the court evidence a successive chain of assignments of the Deed, and does not present any summary judgment proof disputing those records. Therefore, Citi is entitled to summary judgment on Wagner's claim that the Deed was not properly assigned to Citi.

Instead, Wagner argues that because the Note may not have been negotiated to Citi in this chain of assignments, Citi does not qualify as a "Lender" entitled to receive payments under the Note. Citi responds that it should be able to foreclose, because the Deed defines "Lender" as MST, and that its provisions run to the benefit of Lender's successors and assigns. (Deed at ¶ 12). Furthermore, the Fifth Circuit has noted that Texas courts have rejected the argument that when a mortgage has been properly assigned, the foreclosing entity need not possess the note itself. *Martins v. BAC Home Loans Servicing, LP,* 722 F.2d 249, 255 (5th Cir. 2013); *see also Bierwith v. BAC Home Loans Servicing, LP,* 2012 WL 3793190, *3 n.7 (Tex. App. – Austin 2012, no pet.) (Texas federal courts do not accept "bifurcation theory" as an attempt to invalidate assignment of foreclosure rights). A creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note. *Stephens v. LPP Mortg.,* 316 S.W.3d 742, 747 (Tex. App. – Austin 2010, pet. denied); *Kramer v. Fannie Mae,* 2012 WL 3027990, *5-6 (W.D. Tex. 2012). Thus, Citi may foreclose based upon the Deed alone, and any failure to negotiate the

6

Note to Citi does not affect Citi's right of foreclosure. The court agrees that there is no genuine issue of material fact whether the chain of assignments that ended with Citi gave Citi the same rights originally held by MST as the Lender, and that therefore Citi was entitled to foreclose on the Property.

Next, Citi argues that the court should enter judgment in its favor because even if there were a defect in any of the assignments, Wagner has no standing to challenge them. Under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor. *Reinagel v. Deutsche Bank Natl. Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013); *see also Nobles v. Marcus,* 533 S.W.2d 923, 926-27 (Tex. 1976) (successful suit to set aside fraudulently executed deed may only be maintained by defrauded principal). The assignments in this case are facially valid, and have not been challenged by any of the parties thereto. Therefore, the court agrees with Citi that Wagner lacks standing to challenge the assignments on the basis of voidability.

Acknowledging this, Wagner instead argues instead that the assignments are void, rather than merely voidable. Texas courts do allow an obligor to defend on grounds of voidness. *Reinagel,* 735 F.3d at 225 and n.8; *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.,* 523 S.W.2d 426, 430 (Tex. App. – Houston [1st Dist.] 1975, no writ). However, Wagner has neither alleged facts nor presented any evidence that when viewed in the light most favorable to him, would raise a material issue of fact whether the assignments of the Deed are void. For this additional reason, the court must enter judgment for Citi on Wagner's challenges to the assignments.

7

Citi also seeks judgment in its favor on Wagner's claim regarding alleged failure to properly securitize the Note. In his response, Wagner states that he is not challenging the PSA itself, but claims that the alleged breach of the PSA shows that the assignments were void, and Citi does not have the right to foreclose. As with Wagner's claim relating to the assignments, the court disagrees. This argument was made by the plaintiffs in *Reinagel,* and rejected by the Fifth Circuit, which found that the homeowners who were not parties to the PSA had no standing to enforce its terms in order to render an assignment void. 735 F.3d at 228; *see also Farkas v. GMAC Mortgage, L.L.C.,* 737 F.3d 338, 342 (5th Cir. 2013) (same). The court must enter judgment for Citi on this claim.

### B.   Tex. Civ. Prac. & Rem. Code § 12

Wagner further alleges that Citi violated Tex. Civ. Prac. & Rem. Code § 12.002 by presenting fraudulent documents to effect the acceleration of his debt and the foreclose on the Property. As the court has articulated in more detail above, Wagner has failed to raise a material fact issue regarding the validity of the assignments and Citi's status as the current holder of the Deed. Wagner has pleaded no facts and presented no evidence raising a genuine issue of material fact whether Citi knowingly relied upon fraudulent documentation in the process of foreclosing. This claim must also be summarily dismissed.

### C.   Suit to Quiet Title and Trespass to Try Title

Wagner next claims that Citi's foreclosure action has created a cloud on the Property's title, and that he is its rightful owner. A suit to quiet title is an equitable action

used to establish that an adverse party's claim to property is invalid, and to remove the cloud caused by the invalid claim from the owner's title. *Vernon v. Perrien,* 390 S.W.3d 47, 61 (Tex. App. – El Paso 2012, pet. denied). The elements of a suit to quiet title are 1) plaintiff has an interest in a specific property; 2) title to the property is affected by a claim by the defendant; and 3) the defendant's claim, though facially valid, is invalid or unenforceable. *Id.* Therefore, a suit to "remove cloud" or quiet title relies on the invalidity of the defendant's claim to the property. *Id.; Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 387-88 (Tex. App. – Houston [1st Dist.] 2012, pet. denied).

The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Essex Crane,* 371 S.W.3d at 387–88; *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, no pet.). The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. *Essex Crane,* 371 S.W.3d at 387–88; *Hahn,* 321 S.W.3d at 531. As with his other claims, Wagner's factual support for this claim requires him to raise a genuine issue of material fact concerning the validity of the Deed's assignment to Citi. This he has failed to do, and therefore Citi is also entitled to summary judgment on this claim.

### D. Action for Declaratory Judgment

Finally, Wagner seeks numerous declarations from the court, all of which rely upon a finding that the Deed was never properly assigned to Citi, and that therefore Citi has no interest in the Property or right to foreclose. Because Wagner has failed to raise a

genuine issue of material fact regarding the validity of the assignments, and whether Citi is the holder of the Deed, his claims for declaratory judgment also fails, and must be dismissed.

### IV.   Conclusion

For the foregoing reasons, Defendant Citi's motion for judgment on the pleadings, which has been converted to a motion for summary judgment, is **granted,** and all of Plaintiff' Wagner's claims are **dismissed with prejudice.**  Judgment will be entered by separate document.

**SO ORDERED.**

Signed February 5th, 2014.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE